Samuel Watkins, Esq. (CSB 272162)
    Email: swatkins@tocounsel.com
THEODORA ORINGHER PC
10880 Wilshire Blvd., Suite 1700
Los Angeles, CA 90024-4101
Telephone: (310) 557-2009

Brice E. Bryan (State Bar No. 179584)
    Email: goodguyesq@aol.com
Christopher J. Brantingham (State Bar No. 261782)
    Email: zuluchris@aol.com
BRICE E. BRYAN & ASSOCIATES
23945 Calabasas Road, Suite 113A
Calabasas, CA 91302
Telephone: (818) 223-8090

Attorneys for Defendants Uniqoptics, LLC
And David Zarraonandia

Gregory L. Weeks, Esq., (CSB No. 58584)
    Email: gweeks@wknjlaw.com
Gregory K. Nelson, Esq. (CSB No. 203029)
    Email: gnelson@wknjlaw.com
Chandler G. Weeks, Esq. (CSB No. 245503)
    Email: chandlerw@wknjlaw.com
WEEKS, KAUFMAN, NELSON & JOHNSON
462 Stevens Avenue, Suite 310
Solana Beach, CA 92075
Telephone: (858) 794-2140

Attorneys for Plaintiff, Red.com, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RED.COM, INC. dba RED DIGITAL CAMERA, a Washington corporation,<br>Plaintiff,<br>vs.<br>UNIQOPTICS, LLC, a California Limited Liability Company and DAVID ZARRAONANDIA, an individual,<br>Defendants. | Case No. CV 11-03611 VBF (JEMx)<br><br>[~~PLAINTIFF'S PROPOSED~~] PROTECTIVE ORDER<br><br>**[DISCOVERY MATTER]** |

**GOOD CAUSE STATEMENT**

This is an action for false advertising and unfair competition. Both the plaintiff and the defendant are designers, manufacturers and/or distributors of digital cinema camera lenses. The documents that would be the subject of discovery in this

case will be comprised primarily of commercially sensitive internal documents of each party which, in the ordinary course of their respective businesses, each party would guard and treat as confidential such as sourcing data, manufacturing data, cost information, wholesale pricing figures, technical designs, customer names, customer buying trends and other competitive information contained in purchase invoices, wholesales invoices, related commercial documents and communications and internal distribution and marketing documents. Moreover, it is anticipated that discovery may call for the disclosure of internal development documents and business strategies by either or both parties, as well as the source of manufacturing from either or both parties. All of such documents are of the type that either party would not, for legitimate business reasons, disclose to the other. Unless such documents can be limited to "ATTORNEYS EYES ONLY," the receiving party would obtain access to highly sensitive pricing information, sourcing information, customer names, customer buying trends and the like.

## I. DEFINITIONS

1. As used in this Protective Order,

    a. "Designating Party" means any Person who designates Material as Confidential Material.

    b. "Discovering Counsel" means counsel of record for a Discovering Party.

    c. "Discovering Party" means the Party to whom Material is being Provided by a Producing Party.

    d. "Confidential Material" means any material designated as CONFIDENTIAL or, where appropriate, ATTORNEYS' EYES ONLY, in accordance with the terms of this Protective Order.

    e. "Material" means any document, testimony or information in any form or medium whatsoever, including, without limitation, any written or printed

matter, provided in this action by a Party before or after the date of this Protective Order.

  f. "Party" means either one of the Parties to this action, their attorneys of record and their agents.

  g. "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

  h. "Producing Party" means any Person who Provides Material during the course of this action.

  i. "Provide" means to produce any Material, whether voluntarily or involuntarily, whether pursuant to request or process.

## II. CONFIDENTIAL DESIGNATION

  2. A Producing Party may designate as "CONFIDENTIAL" any material Provided to a Party that contains or discloses any of the following:

  a. Non-public insider information, designs, business strategies, manufacturing documents, customer or vendor identity or lists, purchasing information, personnel files, financial information, trade secrets, confidential commercial information, proprietary information, or other confidential or sensitive information which the Producing Party determines in good faith should be kept confidential; and

  b. Information that the Party is under a duty to preserve as confidential under an agreement with or other obligation to another Person.

  c. A Producing Party may designate as "ATTORNEYS' EYES ONLY" any material Provided to a Party that contains or discloses information which, in good faith, is believed to be of an extremely high degree of commercial sensitivity and/or would provide a competitive advantage to its competitors if disclosed.

3. A Producing Party shall stamp as CONFIDENTIAL or ATTORNEYS' EYES ONLY Materials that the Producing Party in good faith believes are entitled to protection pursuant to the standards set forth in Paragraph 2 of this Order. A Producing Party may designate Confidential Material for protection under this order by physically marking it with one of the following inscriptions prior to Providing it to a Party: CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER.

4. All costs associated with the designations of materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY involving, for example, the cost of binding confidential portions of deposition transcripts, shall be borne by the Party making the designation.

### III. RESTRICTION ON USE OF CONFIDENTIAL MATERIAL

5. Confidential Material designated as CONFIDENTIAL shall not be disclosed, nor shall its contents be disclosed, to any person other than those described in Paragraph 8 of this Protective Order and other than in accordance with the terms, conditions and restrictions of this Protective Order. Confidential Material designated as ATTORNEYS' EYES ONLY shall not be disclosed, nor shall its contents be disclosed to any person other than those described in Paragraph 9 of this Protective Order.

6. Confidential Material Provided by a Producing Party to a Discovering Party shall not be used by the Discovering Party or anyone other than the Producing Party, specifically including the persons identified in Paragraphs 8 or 9 as appropriate, for any purpose, including, without limitation any personal, business, governmental, commercial, publicity, public-relations, or litigation (administrative or judicial) purpose, other than the prosecution or defense of this action.

7. All Confidential Material shall be kept secure by Discovering Counsel and access to Confidential Material shall be limited to persons authorized pursuant

to Paragraphs 8 or 9 of this Protective Order.

8. For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, Discovering Counsel may disclose Material designated as CONFIDENTIAL and the contents of Material designated as CONFIDENTIAL only to the following persons:

   a. Counsel of record working on this action on behalf of any party and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff.

   b. In-house counsel and such in-house counsel's employees who are directly participating in this action, including counsel's paralegals, assistants, secretaries, and clerical staff.

   c. Court and deposition reporters and their staff.

   d. The Court and any Person employed by the Court whose duties require access to Material designated as CONFIDENTIAL.

   e. Witnesses at depositions or pre-trial proceedings.

   f. Non-party mediators, experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the settlement or preparation of this action, provided that the identity of any expert or consultant, or their assistants or employees, is provided to the Designating Party or its counsel at least ten (10) days prior to such disclosure so that the Designating Party may have the opportunity to oppose the disclosure by filing a protective order or other means.

   g. Officers, directors and employees of the Parties hereto who have a need to review Material designated as CONFIDENTIAL to assist in connection with this litigation, subject to the limitations set forth herein;

   h. Photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation;

   i. Any Person identified on the face of any such Material designated as CONFIDENTIAL as an author or recipient thereof;

   j. Any Person who is determined to have been an author and/or previous recipient of the Material designated as CONFIDENTIAL, but is not identified on the face thereof, provided there is evidence of actual authorship or receipt of the Material designated as CONFIDENTIAL by such Person; and

   k. Any Person who the Parties agree in writing may receive Material designated as CONFIDENTIAL.

The Parties shall make a good faith effort to limit dissemination of Material designated as CONFIDENTIAL within these categories to Persons who have a reasonable need for access thereto.

  9. For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, Discovering Counsel may disclose Material designated as ATTORNEYS' EYES ONLY, and the contents of Material so designated, only to the following persons:

   a. Counsel of record for the Parties to this action and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretarial, and clerical staff.

   b. Court and deposition reporters and their staff.

   c. The Court and any person employed by the Court whose duties require access to Material designated as ATTORNEYS' EYES ONLY.

   d. Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in paragraph 10.

   e. Experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in paragraph 10, and, provided that the identity of any expert or consultant, or their

assistants or employees, is provided to the Designating Party or its counsel at least ten (10) days prior to such disclosure so that the Designating Party may have the opportunity to oppose the disclosure by filing a protective order or other means..

      f.    Any Person identified on the face of any such Material designated as ATTORNEYS' EYES ONLY as an author or recipient thereof; and

      g.    Any Person who is determined to have been an author and/or previous recipient of the Material designated as ATTORNEYS' EYES ONLY, but is not identified on the face thereof, provided there is evidence of actual authorship or receipt of the Material designated as ATTORNEYS' EYES ONLY by such Person; and

      h.    Any Person who the Parties agree in writing may receive Material designated as ATTORNEYS' EYES ONLY.

## IV.   UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER

10.   Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraphs 8(b), 8(e), 8(f), 8(g), 9(d) and 9(e) above, the Person to whom disclosure is to be made shall receive a copy of this Protective Order and shall evidence his or her agreement to be bound by the terms, conditions, and restrictions of the Protective Order by signing an undertaking in the form attached hereto as **Exhibit A** (the "Undertaking"), and shall retain the copy of this Protective Order, with a copy of his or her signed Undertaking attached. Discovering Counsel shall keep a copy of the signed Undertaking for each person described in subparagraphs 9(d) and (e) to whom Discovering Counsel discloses Confidential Material.

11.   The individuals designated in subparagraph 9(a) above, are specifically prohibited from publishing, releasing, or otherwise disclosing Material designated as ATTORNEYS' EYES ONLY, or the contents thereof, to any directors, officers, or employees of the company for which the individual is employed, including any in-

house counsel or their staff, or to any other persons not authorized under this Protective Order to receive such information. The designated individuals in subparagraph 9(a) shall retain all ATTORNEYS' EYES ONLY material in a secure manner under separate and confidential file, so as to avoid inadvertent access by, or disclosure to, unauthorized persons.

## V      DEPOSITIONS

12. Those portions of depositions taken by any Party at which any Material designated as CONFIDENTIAL is used or inquired into, may not be conducted in the presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel, and (c) Persons authorized under Paragraph 8 of this Protective Order to view such Confidential Material. During those portions of depositions in which Material designated ATTORNEYS' EYES ONLY is used or inquired into, only those persons authorized under Paragraph 9 to view such Materials may be present.

13. Counsel for any deponent may designate testimony or exhibits as Confidential Material by indicating on the record at the deposition those portions of the testimony of the deponent or any exhibits to his or her testimony that are to be treated as Confidential Material. If an exhibit or document has previously been marked as Confidential Material, it shall continue to be treated as so both during and after the deposition, pursuant to the terms of this order. Counsel for any Party may designate exhibits in which that Party has a cognizable interest as Confidential Material by indicating on the record at the deposition that such exhibit(s) are to be treated as Confidential Material. Failure of counsel to designate testimony or exhibits as confidential at deposition, however, shall not constitute a waiver of the protected status of the testimony or exhibits. Within thirty (30) calendar days of receipt of the transcript of the deposition, or thirty (30) calendar days of the date on which this Protective Order becomes effective, whichever occurs last, counsel shall be entitled to designate specific testimony or exhibits as Confidential Material. If

counsel for the deponent or Party fails to designate the transcript or exhibits as Confidential within the above-described thirty (30) day period, any other Party shall be entitled to treat the transcript or exhibits as non-confidential material. For purposes of this Paragraph 13, this Protective Order shall be deemed "effective" on the date on which it has been executed by all counsel for the Parties.

14.   When Material disclosed during a deposition is designated Confidential Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript in accordance with Paragraph 3 above, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. The reporter shall not file or lodge with the Court any Confidential Material without obtaining written consent from the Party who designated the Material as Confidential Material. For convenience, if a deposition transcript or exhibit contains repeated references to Confidential Material which cannot conveniently be segregated from non-confidential material, the Parties may agree at that time that the entire transcript or exhibit be maintained by the reporter as Confidential Material.

**VI   USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND OTHER COURT PAPERS**

15.   The designation of Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY does not automatically authorize a Party to file such Material under seal. An application, including any stipulated application to file documents under seal, must comply with Local Rule 79-5. Any document (including the motion papers themselves) submitted to the Court that reveals any Confidential Material shall be filed under seal, labeled as follows: "This Document Is Subject to a Protective Order Issued by the Court and May Not Be Examined or Copied Except in Compliance with that Order." Documents so labeled shall be kept by the Clerk under seal and shall be made available only to the Court or persons authorized by

the terms of this Order to have access thereto. Any documents the Court orders submitted under seal shall be filed and handled in the same manner as Confidential Material filed in connection with discovery motions or proceedings.

## VII. OBJECTIONS TO DESIGNATION

16. Any disputes regarding the designation of documents as Confidential Material shall be governed by Local Rules 37-1 and 37-2. Any Party may at any time notify the Designating Party in writing of its contention that specified Material designated as Confidential Material is not properly so designated because such Material does not warrant protection under applicable law. The Designating Party shall, within ten (10) court days, meet and confer in good faith with the Party challenging the designation in an attempt to resolve such dispute. If the dispute is not resolved in the meet and confer conference, the Discovering Party shall then have ten (10) calendar days from the initial meet and confer to send to counsel for Designating Party its portion of a joint stipulation regarding the designation of any disputed documents, together with all declarations and exhibits offered in support of its position. Within seven (7) calendar days of receipt of the joint stipulation and supporting papers from Discovering Party, the Designating Party shall deliver to counsel for Discovery Party its own portion of the joint stipulation regarding the designation of any disputed documents, together with all declarations and exhibits offered in opposition. After receipt of the Designating Party's portion and opposition documents, counsel for Discovering Party shall file the joint stipulation and all supporting and opposing documents within one (1) calendar day of receipt. Within fourteen (14) days of the filing of the joint stipulation, both the Designating and Discovering Party may file a supplemental brief, as set froth in Local Rule 37-2.3. At the Court's discretion and invitation, any such motion shall be set for hearing on the first available calendar date. Until a ruling on the challenged designation is received, all Parties may treat the Material as non-confidential.

Pending resolution of any motion filed pursuant to this Paragraph 16, all Persons bound by this Protective Order shall continue to treat the Material which is the subject of the motion as Confidential Material.

17. Any discovery disputes concerning the designation of materials or disclosure of documents or information under this Protective Order shall be brought in compliance with Local Rule 37.

## VIII. **RETURN OF MATERIAL**

18. Within forty-five (45) calendar days after the final settlement or termination of this action, Discovering Counsel shall return or destroy (at the option and expense of Discovering Counsel) all Confidential Materials provided by a Producing Party and all copies thereof. The obligation of this Protective Order shall survive the termination of this action. Upon request, counsel for each Party shall verify in writing that they have complied with the provisions of this paragraph.

## IX. **SCOPE OF THIS ORDER**

19. Except for the provisions regarding post-trial or post-settlement return and destruction of Confidential Material, or segregation of work product which embodies Confidential Material, this order is strictly a pretrial order; it does not govern the trial in this action.

20. Not later than seven (7) days before trial in the action, Counsel agree to meet and confer concerning the use at trial of Confidential Material.

21. Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under California or federal law, Material as to which the Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to California law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or

admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

22. Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

23. This Protective Order shall not preclude any Person from waiving the applicability of this Protective Order with respect to any Confidential Material Provided by that Person or using any Confidential Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

24. This Protective Order shall not affect any contractual, statutory or other legal obligation or the rights of any Party or Person with respect to Confidential Material designated by that Party.

25. The restrictions set out in the Protective Order shall not apply to any Material which:

    a. At the time it is Provided is available to the public;

    b. After it is Provided, becomes available to the public through no act, or failure to act, of the Discovering Party; or

    c. The Discovering Party can show

        i. Was already known to the Discovering Party independently of receipt of the Confidential Material in this or prior litigation; or

        ii. Was received by the Discovering Party, after the time it was designated as Confidential Material hereunder, from a third party having the right to make such disclosure.

26. If at any time any Material protected by this Protective Order is

subpoenaed from the Discovering Party by any Court, administrative or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to Confidential Material sought and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures. If the Producing Party does not prevail on its objections to such disclosure, the Discovering Party may produce the Confidential Material without violating this Protective Order.

## X. SUBMISSION TO COURT

27. The Parties agree to submit this Protective Order to the Court for adoption as an order of the Court. The Parties reserve the right to seek, upon good cause, modification of this Protective Order by the Court.

IT IS SO ORDERED.

DATED: August 26, 2011        By: _____
                                   Hon. John E. McDermott
                                   United States Magistrate Court Judge

        Respectfully submitted,

Date: August 23, 2011         WEEKS, KAUFMAN, NELSON & JOHNSON


                              By:  /S/-Chandler G. Weeks
                                   Chandler G. Weeks
                                   Attorney for Plaintiff

# EXHIBIT A

## UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

I, _____ [print or type full name], of _____ [print or type full address], have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of RED.COM, INC. v. UNIQOPTICS, LLC and DAVID ZARRAONANDIA, Case No. CV 11-03611 VBF (JEMx).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:          _____, 2011

City and State where sworn and signed:          _____

Signed:     _____          _____
                 [Print Name]                              [Signature]